IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:09-CV-122-F

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | **ORDER** |
| CARTER BEHAVIOR HEALTH SERVICES, INC. | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the motion by the Equal Employment Opportunity Commission ("EEOC" or "plaintiff") for entry of default against defendant Carter Behavior Health Services, Inc. ("Carter Behavior" or "defendant") under Rule 55(a) of the Federal Rules of Civil Procedure [DE-25].

On May 5, 2010, United States Magistrate Judge William A. Webb allowed a motion to withdraw by former counsel for Carter Behavior. *See* May 5, 2010 Order [DE-20]. Judge Webb specifically notified Carter Behavior that it corporations are not permitted to proceed *per se*. Since Judge Webb's May 5, 2010, Order, Carter Behavior has not caused any counsel to enter a notice of appearance on its behalf. Accordingly, the EEOC now moves under Rule 55(a), for entry of default against Carter Behavior, arguing that Carter Behavior failed to retain replacement counsel and, thus, has failed to defend this action.

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default against a party who "has failed to plead or otherwise defend." On September 24, 2009, Carter Behavior filed an answer to plaintiff's complaint through counsel [DE-11]. Because defendant has filed an answer,

entry of default is not appropriate. Therefore, plaintiff's motion for entry of default [DE-25] is DENIED without prejudice. Furthermore, plaintiff's motion for default and default judgment also is DENIED without prejudice.[1]

The order of May 5, 2010, allowing defendant's counsel to withdraw did not provide a deadline for Carter Behavior to retain new counsel. Accordingly, it is ORDERED that defendant has until **September 17, 2010**, to retain new counsel who shall enter an appearance with this court. Defendant is WARNED that any failure to comply with this order may result in its answer being stricken. *See, e.g., Eastern Aviation Fuels, Inc. v. Torco Racing Fuels, Inc.*, No. 4:07-CV-57-H, 2008 WL 4462010 (E.D.N.C. Sept. 30, 2008) (unpublished).

It is further ORDERED that the scheduling order in this matter is modified to extend the dispositive motions deadline until October 2, 2010.

SO ORDERED. This 30th day of August 2010.

James C. Fox
Senior United States District Judge

---

[1] The EEOC originally filed the motion for default and default judgment [DE-23] on August 17, 2010. The Clerk of Court issued a notice of deficiency informing the EEOC that it filed two separate motions in one pleading, and instructing the EEOC to refile the motion for entry of default.